CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 1 2 2020

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### BIG STONE GAP DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Case No. 2:20CR17 |
| | : | |
| v. | : | |
| | : | |
| **SAMUEL SILVA** | : | In violation of: |
| | : | |
| | : | 18 U.S.C. §§ 7 and 1111 |
| | : | |

## INDICTMENT

The Grand Jury Charges that:

### COUNT ONE

1. On or about September 14, 2018, in the Western District of Virginia, within the United States Penitentiary, Lee County, Virginia, a place within the special maritime and territorial jurisdiction of the United States, the defendant, SAMUEL SILVA, willfully, deliberately, maliciously, and with premeditation and malice aforethought, did unlawfully kill Abraham Aldana by stabbing him.

2. All in violation of Title 18, United States Code, Sections 7 and 1111.

### NOTICE OF SPECIAL FINDINGS REGARDING COUNT ONE

The Grand Jury further finds:

The allegations contained in Count One are hereby re-alleged and incorporated by reference as if fully set forth herein.

Pursuant to the provisions of Title 18, United States Code, Sections 3591 and 3592, the following factors exist regarding defendant SAMUEL SILVA'S commission of the offense charged in Count One:

A. SAMUEL SILVA was then 18 years of age or older at the time of his commission of the offense.

B. <u>Statutory Intent Factors Enumerated Under Title 18, United States Code, Section 3591(a)(2).</u>

   i. SAMUEL SILVA intentionally killed Abraham Aldana, pursuant to 18 U.S.C. Section 3591(a)(2)(A);

   ii. SAMUEL SILVA intentionally inflicted serious bodily injury that resulted in the death of Abraham Aldana, pursuant to 18 U.S.C. Section 3591(a)(2)(B);

   iii. SAMUEL SILVA intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force be used in connection with a person, other than one of the participants in the offense, and Abraham Aldana died as a direct result of the act, pursuant to 18 U.S.C. Section 3591(a)(2)(C); and

   iv. SAMUEL SILVA intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life, and Abraham Aldana died as a direct result of the act, pursuant to 18 U.S.C. Section 3591(a)(2)(D).

C. <u>Aggravating Factors Enumerated under Title 18, United States Code, Section 3592.</u>

   i. SAMUEL SILVA has previously been convicted of Federal or State offense(s) punishable by a term of imprisonment of more than 1 year, involving the use or attempted or threatened use of a firearm against another person, pursuant to 18 U.S.C. Section 3592(c)(2).

   ii. SAMUEL SILVA committed the offense in an especially heinous, cruel, or depraved manner in that it involved torture or serious physical abuse to the victim, pursuant to 18 U.S.C. Section 3592(c)(6).

   iii. SAMUEL SILVA committed the offense after substantial planning and premeditation to cause the death of a person, pursuant to 18 U.S.C. Section 3592(c)(9).

A TRUE BILL, this 12 day of November, 2020.

/s/ Grand Jury Foreperson
FOREPERSON

DANIEL P. BUBAR
ACTING UNITED STATES ATTORNEY