## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## BIG STONE GAP DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | Case No. 2:20CR00017 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **SAMUEL SILVA,** | ) | By:  James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

By Order entered December 17, 2020, I granted the defendant's Motion for Review of the magistrate judge's Order denying the defendant's motion to continue the initial appearance and arraignment in this capital case, which had been scheduled for December 18, 2020.  This Opinion sets forth my reasons for my Order and my directions for future proceedings in this case.

The defendant was indicted by a grand jury of this court on November 11, 2020, for first degree murder within the United States Penitentiary, Lee County, Virginia, in violation of 18 U.S.C. §§ 7, 1111.  On December 4, 2020, the United States filed a notice of its intent to seek the death penalty.  The magistrate judge sought to schedule an initial appearance and arraignment for December 18, and through a deputy clerk advised the defendant's counsel that other dates, including January 4, 6, and 8, 2021, were also available.  Defense counsel declined any of the

dates proposed, advising that their client would not consent to appear by video teleconference, as permitted by Rules 5(f) and 10(b), and that personal appearance was unduly dangerous because of the sharp increase in Covid-19 cases in this district.

Because I found the reasons for a postponement sufficient at that time, I set aside the magistrate judge's Order and continued generally the initial appearance and arraignment. I am concerned, however, as to the course of these proceedings in the light of counsel's stated objections.

As required, two attorneys have been appointed for the defendant. Learned counsel, Patrick J. Burke, has advised that he has an increased risk of severe complications if he is infected with the coronavirus, thus making it more dangerous for him to travel from Denver, the location of his office, to this court. He suggests that proceedings in the case might be delayed until vaccines have been made available to "many members of the public." Mot. for Review 5, ECF No. 14. He also suggests that further delay is indicated because the new National Administration might "change . . . federal policy regarding the federal death penalty." *Id.* Reading between the lines, if not literally, it appears that defense counsel contemplates no court proceedings in this case until this summer or fall, if then. That cannot be.

I appreciate that counsel might advise their client not to consent to any teleconferencing, even though that would provide greater health protection, with the

hope that it would delay the case to a future favorable death penalty policy. However, while certainly death is different, I believe that the court's obligation in any case is not to acquiesce in delay unconnected to the reasonable demands of trial preparation. If counsel believes that his health may be adversely affected by his representation in his case, he obviously must consider his status, the sooner the better.

Covid-19 cases have been recently substantially lower in this region, and court procedures have been carefully planned to maximize safety to participants. Accordingly, I request the magistrate judge to now schedule the initial appearance and arraignment of the defendant.

> DATED: January 22, 2021
>
> /s/  JAMES P. JONES
> United States District Judge