# UNITED STATES DISTRICT COURT FOR
# THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No. 2:20-cr-17 |
| | ) | |
| | ) | |
| SAMUEL SILVA | ) | |

## SAMUEL SILVA'S MOTION
## FOR DISCLOSURE UNDER FED. R. CRIM. P. 12(b)(4)(B)

Samuel Silva, pursuant to Rule 12(b)(4)(B) of the Federal Rules of Criminal Procedure and the Fifth, Sixth, and Eighth Amendments to the U.S. Constitution, respectfully moves the Court to direct the government to provide the defense with a Notice of Intent to use evidence in its case-in-chief at trial.

Fed. R. Crim. P. 12(b)(4)(B) provides that at arraignment, or as soon thereafter as practicable, the defendant may, "in order to have an opportunity to move to suppress evidence under Rule 12(b)(3)(C), request notice of the government's intent to use (in its evidence-in-chief at trial) any evidence that the defendant may be entitled to discover under Rule 16." Rule 12(b)(4) contemplates notice sufficient for the preparation and filing of motions to suppress.

Mr. Silva hereby requests such notice of the government's intent to use specified evidence during its case-in-chief at trial. "Subdivision (d) as proposed to be amended provides that the government, either on its own or in response to a request by the defendant, must notify the defendant of its intention to use certain evidence in order to give the defendant an opportunity before trial to move to suppress that

evidence." Fed. R. Crim. P. 12, Notes of the Committee on the Judiciary to 1975 Enactment, Amendments Proposed by the Supreme Court, H.R. Rep. No. 94-247. "Compliance with a defense request under Rule 12(b)(4)(B) is mandatory." *United States v. Holmes*, No. 07-CR-104, 2007 WL 2900438, at *2 (E.D. Wis. Oct. 3, 2007).

The government has provided initial discovery in this case, consisting mostly of paper discovery relating to what allegedly occurred on September 14, 2018. However, the government has not yet provided Mr. Silva with notice of its intent to use *specified evidence at trial* to afford the defendant the opportunity to move to suppress evidence under Fed. R. Crim. P. 12(b)(3)(C). *See* Fed. R. Crim. P. 12(b)(4)(A) (government discretion to disclose intent to use specified evidence). The government has been investigating the case for almost three years and has had more than enough time to determine what its evidence will be.

Rule 12(b)(4) is "intended to facilitate the making of a pretrial motion for the suppression of evidence." 1A Charles A. Wright & Andrew D. Leipold, *Federal Practice & Procedure: Criminal* § 195, at 451 (4th ed. 2008); *see also, e.g.*, *United States v. Valencia*, 656 F.2d 412, 414-415 (9th Cir. 1981) (discussing then-Rule 12(d)). As stated in the advisory committee notes to Rule 12, the purpose of this provision is "[e]nsuring that a defendant knows of the government's intention to use evidence to which the defendant may want to object." Fed. R. Crim. P. 12 advisory committee's note to 1974 amendment.

Merely providing discovery would be "insufficient to satisfy Rule 12(b)(4)(B) because merely making discovery available for inspection does not inform a defendant upon what evidence the government intends to rely." *Holmes*, 2007 WL

2

2900438, at *2; *see also United States v. de la Cruz-Paulino*, 61 F.3d 986, 993 (1st Cir. 1995) (holding that open-file policy does not satisfy the notice requirement of then-Rule 12(d)(2) because it does not "specify which evidence the government intends to use at trial" (quoting *United States v. Brock*, 863 F. Supp. 851, 868 (E.D. Wis. 1994)); *accord United States v. Ishak,* 277 F.R.D. 156, 159 n.2 (E.D. Va. 2011).

Mr. Silva thus asks that the government provide the notice required by Rule 12(b)(4)(B) so that he may determine whether there is a basis for seeking suppression or exclusion of the evidence included in that notice. So that Mr. Silva can comply with any deadline the Court sets for motions to suppress, he asks that the Court order that the government's notice be provided no later than six weeks before any such deadline.

WHEREFORE, Mr. Silva respectfully asks that the Court grant this motion and order the government to provide the notice required by Fed. R. Crim. P. 12(b)(4)(B) no later than six weeks before any deadline set for motions to suppress.

Respectfully Submitted,

JUVAL O. SCOTT  
Federal Public Defender  
for the Western District of Virginia

s/*Juval O. Scott*  
Juval O. Scott  
Office of the Federal Public Defender for the Western District of Virginia  
210 First Street SW, Suite 400  
Roanoke, VA 24011  
Ph. (540) 777-0880  
Indiana Bar No. 23741-49

s/*Arin Melissa Brenner*
Arin Melissa Brenner
Office of the Federal Public Defender
for the Western District of Virginia
210 First Street SW, Suite 400
Roanoke, VA 24011
(540) 777-0884
New York Bar No. 4990974

*Counsel for Samuel Silva*

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document was electronically filed via CM/ECF and will be served electronically to counsel of record on this 13th day of June, 2022.

Zachary Lee
Criminal Chief
United States Attorney's Office
310 Cummings Street, Suite A
Abingdon, VA 24210
zachary.lee@usdoj.gov

Daniel J. Murphy
Assistant United States Attorney
United States Attorney's Office
180 West Main Street, Suite B19
Abingdon, Virginia 24210
daniel.murphy@usdoj.gov

s/*Juval O. Scott*
