# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | Case No. 2:20CR00017 |
| | ) | |
| SAMUEL SILVA | ) | |

## RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR DISCLOSURE PURSUANT TO FED. R. CRIM. P. 12(b)(4)(B)

The United States, through undersigned counsel, hereby asks the court to deny the defendant's Motion For Disclosure Pursuant To Fed. R. Crim. P. 12(b)(4)(B) (Doc. 155; "Def's Mot. For Discl.") as the request is overbroad and not within the meaning or spirit of the rule cited.

On June 13, 2022, the Defendant filed a motion pursuant to Fed. R. Crim. P. 12(b)(4)(B) requesting that the government provide notice of its intent to "use specified evidence during its case-in-chief at trial." (Def's Mot. For Discl. at 1.) In essence, the defendant's motion requests that the government provide it with a list of exhibits, witnesses, and likely testimony that it intends to introduce in its case-in-chief at trial. *Id.* The defendant argues that this request is made so that he can properly determine what evidence, if any, is subject to a motion to suppress. The defendant relies upon Fed. R. Crim. P. 12(b)(4)(B) as authority for such a request, but the defendant misapprehends the rule: while the rule permits a defendant to determine whether the government intends to use particular evidence at trial in order to save the defendant a potential suppression motion; it does not require the government to identify for a defendant all evidence that it intends to use at trial. Because the defendant's motion fails to identify the evidence that the defendant seeks to suppress and requests information beyond the scope of Fed. R. Crim. P. 12(b)(4)(B), the

court should deny the Motion.

Federal Rule of Criminal Procedure 12(b)(4)(B) states,

> [a]t the arraignment or as soon afterward as practicable, the defendant may, in order to have an opportunity to move to suppress evidence under Rule 12(b)(3)(C), request notice of the government's intent to use (in its evidence-in-chief at trial) any evidence that the defendant may be entitled to discover under Rule 16.

Fed. R. Crim. P. 12(b)(4)(B). Importantly, the Advisory Committee's note to Fed. R. Crim. P. 12 indicates that the purpose of the rule is to allow the defendant the opportunity to "make his motion to suppress prior to trial" by "request[ing] the government to give notice of its intention to use *specified* evidence which the defendant is entitled to discover under rule 16." Fed. R. Crim. P. 12, 1974 advisory committee's notes (emphasis added). "[R]ule 12 makes it possible for [the defendant] to avoid the necessity of moving to suppress evidence which the government does not intend to use." *Id.*[1] Therefore, Fed. R. Crim. P. 12(b)(4)(B) is limited in two ways, the first is that it is only to allow for the streamlining of the process such that the defendant does not have to file unnecessary suppression motions, and second, that in order to trigger the notice obligation, the defendant must "identify potentially suppressive evidence with specificity." *United States v. Ishak*, 277 F.R.D. 156, 159 (E.D. Va. 2011).

Federal Rule of Criminal Procedure 12(b)(4)(B) should not be used for broad requests related to evidence such that the defendant can prepare for trial. *Ishak*, 277 F.R.D. at 158. Rule 12(b)(4)(B) "is not intended to allow a defendant to force the government to decide precisely which documents provided in discovery it will offer at trial and to prevent it from using any that it does not so designate as a matter of trial tactics." *United States v. El-Silimy*, 228 F.R.D. 52, 57 (D. Me. 2005). S*ee United States v. Gonzalez*, No. CR 20-40 (BAH), 2020 WL 6158246, at *5 (D.D.C. Oct. 21, 2020); *Ishak*, 277 F.R.D. at 158-159; *United States v. Western Titanium*, No. 08–CR–

---

[1] These portions of the 1974 Advisory Committee's Note refer to "subdivision d" of Rule 12. The substance of Rule 12(b)(4)(B) was contained in Rule 12(d)(2) prior to the 2002 amendments

4229, 2010 WL 4117294, at *3 (S.D. Cal. Oct. 18, 2010) ("Rule 12(b)(4)(B) does not appear to be intended as a means to enable defendants to pinpoint particular pieces of evidence subject to suppression, but as a means to identify evidence for which a motion to suppress is not required," leaving the evaluation to defense counsel of whether a suppression motion is necessary).

The second limitation to Rule 12(b)(4)(B) is that "the notice requirement of Rule 12(b)(4)(B) is only triggered when a defendant's request identifies specific evidence that is potentially suppressible." *United States v. Mills,* No. 16-CR-20460, 2019 WL 76870, at *2 (E.D. Mich. Jan. 2, 2019). *See United States v. Conyers*, No. S13 15-CR-537 (VEC), 2016 WL 7189850, at *10 (S.D.N.Y. Dec. 9, 2016). As explained by Judge Ellis, United States District Court Judge for the Eastern District of Virginia, in *Ishak*,

> Rule 16 requires that the government disclose certain evidence to a defendant. The task of identifying what evidence under Rule 16 might be the rightful object of a suppression motion belongs to that defendant. Of course, once the defendant has flagged potentially suppressible evidence among the Rule 16 disclosures, filing a motion to suppress this evidence would waste time and resources if the government does not intend to offer it. To avoid needless expense and trial disruption, Rule 12(b)(4)(B) allows a defendant to require that the government disclose whether the government intends to offer the "specified evidence" during its case-in-chief. Rule 12, Fed. R. Crim. P. Advisory Committee's note. The Rule thereby "streamlines the suppression process because the defendant can avoid moving to suppress evidence the Government does not intend to use." *United States v. Smith*, 277 Fed. Appx. 187, 191 (3d Cir. 2008); accord Rule 12, Fed. R. Crim. P. Advisory Committee's note ("[R]ule 12 makes it possible for [a defendant] to avoid the necessity of moving to suppress evidence which the government does not intend to use.").

*Ishak*, 277 F.R.D. at 159–60. *See United States v. Brown*, No. GJH-18-0335, 2020 WL 6393392, at *4 (D. Md. Nov. 2, 2020); *United States v. Shapat Ahdawan Nabaya*, No. 3:17CR3, 2017 WL 1424802, at *13 (E.D. Va. Apr. 19, 2017) ("[Nabaya] cannot make an across-the-board request that the United States disclose all evidence it intends to use at trial. Absent a more tailored request, the Court must deny Nabaya's request under Rule 12(b)(4)").

In this case, the defendant attempts to use Fed. R. Crim. P. 12(b)(4)(B) in a manner for which it was not intended. Ascertaining trial strategy and forcing the government to decide precisely which documents and evidence it will use at trial is exactly what the defendant is requesting in its motion. *See* Def's Mot. For Discl. at 2 ("The government has been investigating the case for almost three years and has had more than enough time to determine what its evidence will be.") While the government understands that the court has the authority to order the parties to provide an exhibit list and witness list at the appropriate time, Rule 12(b)(4)(B) is not the proper vehicle for such an order or an order as expansive as requested by the defendant. Because the defendant has failed to identify any "specified evidence" in it request pursuant to Rule 12(b)(4)(B), the government asks this court to deny the defendant's motion.

Respectfully submitted,

CHRISTOPHER R. KAVANAUGH
UNITED STATES ATTORNEY

/s/ Zachary T. Lee

Zachary T. Lee, VSB 47087
Assistant United States Attorney
180 West Main Street
Abingdon, Virginia 24210
(276) 628-4161
(276) 628-7399 (Fax)
USAVAW.ECFAbingdon@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on Monday, June 27, 2022, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel for defendant.

/s/ Zachary T. Lee
Assistant United States Attorney