IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v. ) | Case No. 2:20CR00017 |
| ) | |
| ) | |
| SAMUEL SILVA ) | |

### RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR NOTICE OF OTHER CRIMES

The United States, through undersigned counsel, hereby moves the court to deny the defendant's Motion for Notice of Other Crimes Evidence (Doc. 156) and instead enter an order requiring the government to disclose evidence it intends to admit pursuant to Fed. R. Evid. 404(b) no later than thirty (30) days before trial.

Federal Rule of Evidence 404(b) requires the government to provide "reasonable notice" of its intent to introduce at trial evidence of other crimes or bad acts of the defendant. *See* Fed. R. Evid. 404(b)(3)(A).

> The Rule expects that counsel for both the defense and the prosecution will submit the necessary request and information in a reasonable and timely fashion. Other than requiring pretrial notice, no specific time limits are stated in recognition that what constitutes a reasonable request or disclosure will depend largely on the circumstances of each case.

Fed. R. Evid. 404, 1991 advisory committee notes.  The Rule does not provide any specific deadline for which the government should provide such notice, nor have the courts.  Instead, the determination as to the appropriate timeframe for such notice is left to the discretion of the trial court, based upon all of the factors of the case.

> Rule 404(b)'s notice standard is flexible because 'what constitutes a reasonable disclosure will depend largely on the circumstances of each case.'" *United States v. White*, 816 F.3d 976, 984 (8th Cir. 2016); *see also United States v. Reddy*, 190

> F. Supp. 2d 558, 576 (S.D.N.Y. 2002). The Government is correct that one week is frequently deemed reasonable notice for Rule 404(b) purposes. *See, e.g., United States v. French,* 974 F.2d 687, 694-95 (6th Cir. 1992); *United States v. Paul*, 57 F. App'x 597, 607 (6th Cir. 2003). However, courts have also ordered notice to be provided weeks to months in advance of trial. *See, e.g., United States v. Lindsey*, 702 F.3d 1092, 1097 (8th Cir. 2013) (noting that the district court required in its scheduling order that formal notice be provided one month before trial); *United States v. Mills,* No. 16-cr-20460, 2019 WL 409659, at *4 (E.D. Mich. Feb. 1, 2019) (noting that a scheduling order required the Government to provide notice more than nine months before the scheduled trial date); *Reddy*, 190 F. Supp. 2d at 576 (ordering notice 45 days before trial to permit for the filing of motions in limine); *United States v. Heatley*, 994 F. Supp. 483, 491 (S.D.N.Y. 1998) (finding that ten days' notice was inadequate and requiring the government to provide notice three weeks before trial).

*United States v. Bell*, No. 17-CR-20183, 2020 WL 4726935, at *3 (E.D. Mich. Aug. 14, 2020).

Importantly, in *United States v. Armstrong*, 257 F. App'x 682, 686 (4th Cir. 2007), in which the defendant faced serious charges and ultimately was sentenced to serve 425 months imprisonment, the Fourth Circuit found that "the Government's [404(b)] notice given a week in advance of trial was not untimely." *Id.*

In this case, the defendant requests pursuant to Fed. R. Evid. 404(b)(3)(A) that the government be ordered to provide notice of intent to introduce evidence of other bad acts of the defendant three (3) months prior to trial. However, the defendant cites no authority nor does he make a specific or sufficient showing to justify a request for the production of materials ninety days prior to trial, especially when

> several courts in this Circuit have held that notice provided one week before trial— even in cases with serious charges and multiple offenses—discharges the government's obligation to provide "reasonable" notice under the Rule. *See, e.g., Graham*, 468 F.Supp.2d at 802; *Savage*, 2013 WL 719492, at *2; *United States v. Artis*, 5:12–CR–202–D, 2012 WL 4893957, at *1 (E.D.N.C. Oct.13, 2012).

*United States v. Cohen*, No. CR. WDQ-14-0310, 2015 WL 2261661, at *32 (D. Md. May 7, 2015), *aff'd in part, appeal dismissed in part*, 888 F.3d 667 (4th Cir. 2018).

The government recognizes that this is a serious case and intends to fulfill its obligations pursuant to Fed. R. Evid. 404(b). The government requests that this court deny the defendant's

motion and instead enter an order requiring that the government provide notice of its intent to introduce evidence of other crimes or bad acts no later than thirty (30) days before trial "or in any form during trial if the court, for good cause, excuses lack of pretrial notice." Fed. R. Evid. 404(b)(3)(C).

          Respectfully submitted,

          CHRISTOPHER R. KAVANAUGH
          UNITED STATES ATTORNEY

          /s/ Zachary T. Lee
          Zachary T. Lee, VSB 47087
          Assistant United States Attorney
          Western District of Virginia
          180 West Main Street
          Abingdon, Virginia 24210
          (276) 628-4161
          (276) 628-7399 (Fax)
          USAVAW.ECFAbingdon@usdoj.gov

CERTIFICATE OF SERVICE

      I hereby certify that on Thursday, June 30, 2022, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel for defendant.

          /s/ Zachary T. Lee
          Assistant United States Attorney