## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF VIRGINIA
## BIG STONE GAP DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No. 2:20-cr-00017 |
| | ) | |
| | ) | |
| SAMUEL SILVA | ) | |

### MOTION TO DISMISS INDICTMENT FOR VAGUENESS AS APPLIED

Samuel Silva is charged with first-degree murder of his former cell mate Abraham Aldana. The one-count indictment filed on November 12, 2020 charges him with violating Title 18 U.S.C. § 1111 with "willfully, deliberately, maliciously, and with premeditation and malice aforethought, unlawfully killing Abraham Aldana by stabbing." First-degree premeditated murder and second-degree deliberate murder, as these crimes have been defined by the Fourth Circuit, are indistinguishable to ordinary people. As such, the statute encourages arbitrary and discriminatory enforcement by police and prosecutors. For these reasons, § 1111 is unconstitutionally vague as applied, and the Court should dismiss the Indictment in Mr. Silva's case.

First-degree premeditated murder and second-degree deliberate murder, as these crimes have been defined by the Fourth Circuit, are separate and distinct charges, and yet both are governed by the same statute and are indistinguishable to a lay person. As such, the statute encourages arbitrary and discriminatory enforcement by police and prosecutors, given the broad range of conduct it encompasses. This is so for Mr. Silva. The government has failed to specify based

upon which facts it is alleging Mr. Silva has violated § 1111.  This impedes Mr. Silva's preparation of an adequately tailored defense. Therefore § 1111 is unconstitutionally vague as applied, and the Court should dismiss the Indictment in Mr. Silva's case.

Due process requires that a criminal statute give ordinary people fair notice of the conduct that it punishes and that its terms be sufficiently defined so as to not invite arbitrary and discriminatory enforcement. *Johnson v. United States*, 135 S. Ct. 2551, 2556-57 (2015). In *Johnson*, the Court held that the Armed Career Criminal Act ("ACCA") is unconstitutionally vague as applied to persons with a prior conviction for a "violent felony" as defined by the statute's residual clause. *Johnson*, 135 S. Ct. at 2563. The ACCA imposes a mandatory minimum fifteen-year prison term for persons convicted of possessing a firearm following a felony conviction who have at least three qualifying prior convictions. 18 U.S.C. § 924(e)(1). A qualifying prior includes a "violent felony" which, under the residual clause of the statutory definition, includes "any crime punishable by imprisonment for a term exceeding one year . . . that . . .involves conduct that presents a serious potential risk of physical injury to another. . . ." 18 U.S.C. § 924(e)(2)(B)(ii). The *Johnson* Court held the ACCA as applied violated due process because "the residual clause leaves grave uncertainty about how to estimate the risk posed by the crime . . . [because] [i]t ties the judicial assessment of risk to a judicially imagined 'ordinary case' of a crime, not to real-world facts or statutory elements . . . [and] [it] "leaves uncertainty about how much risk it takes for a crime to qualify as a violent felony." *Id*. at 2557-58. "By combining indeterminacy about how much risk it takes for the crime to qualify as a violent

felony, the residual clause produces more unpredictability and arbitrariness than the Due Process Clause tolerates." *Id.* at 2558; *see also City of Chicago v. Morales*, 527 U.S. 41, 64 (1999) (local ordinance prohibiting criminal street gang members from loitering, which was defined as remaining in any one place with no apparent purpose, was unconstitutionally vague); *Kolender v. Lawson*, 461 U.S. 352, 355-61 (1983) (state loitering statute, which state court of appeals had interpreted to require persons to provide "credible and reliable" identification and account for their presence when requested by a peace officer under circumstances that would justify a *Terry* stop, was unconstitutionally vague).

Like the definition of "violent felony" in the ACCA's residual clause, the federal murder statute's definition of first-degree premeditated murder, as interpreted by the Fourth Circuit, fails to give ordinary people fair notice of the difference between first-degree premeditated murder and second-degree deliberate murder such that it invites arbitrary and discriminatory enforcement. The federal murder statute defines "murder" as "the unlawful killing of a human being with malice aforethought." 18 U.S.C. §1111(a). It provides that first-degree murder is punishable by death or mandatory life imprisonment, whereas second-degree murder is punishable by a maximum term of life imprisonment. 18 U.S.C. § 1111(b). First-degree murder is defined to include "murder perpetrated by . . . any . . . kind of willful, deliberate, malicious and premeditated killing . . . ."[1] 18 U.S.C. § 1111(a). Second degree murder

---

[1] Section 1111(a) also defines first degree murder to include the following: murder perpetrated by poison, [and] lying in wait . . . or committed in the perpetration of or attempt to perpetrate, any arson, escape, murder, kidnapping, treason, espionage, sabotage, aggravated sexual abuse or sexual abuse, child abuse, burglary or robbery; or perpetrated as part of a pattern

is defined as any murder other than first degree murder. 18 U.S.C. §§ 1111(a). The Fourth Circuit defines "premeditation" as "planning or deliberation." *United States v. Dixon*, 191 F. Supp. 3d 603, 622 (S.D.W. Va. 2016). (citing Leonard B. Sand et al., *Modern Federal Jury Instructions* § 41-5 (2014)). The Fourth Circuit defines "malice aforethought" as "conduct which is reckless and wanton and a gross deviation from a reasonable standard of care, of such a nature that a jury is warranted in inferring that the defendant was aware of a serious risk of death or serious bodily harm." *United States v. Williams*, 342 F.3d 350, 356 (4th Cir. 2003) (internal quotation marks omitted). In application, the Fourth Circuit has looked for deliberate action on the part of the defendant to satisfy malice aforethought. *See United States v. Silvia*, No. 88-5153, 1989 WL 87653, at *6 (4th Cir. July 31, 1989) (affirming the jury's finding of malice aforethought where the defendant acted "deliberately"); *United States v. Medina*-Garcia, No. 06-4299, 2007 WL 1451998, at *4 (4th Cir. May 17, 2007) (restating the district court's jury instruction defining malice aforethought as "either to kill another person deliberately and intentionally or to act with callous and wanton disregard for human life"); *United States v. Vega-Penarete*, No. 91-5902, 1992 WL 212142, at *7 (4th Cir. Sept 1, 1992) (finding "no error" in the district court's definition of "wanton" within malice aforethought as "reckless; heedless; malicious; extreme reckless disregard; perseverance exhibited by deliberate and uncalled for conduct; an unjustifiable course of action").

---

or practice of assault or torture against a child or children; or perpetrated from a premeditated design unlawfully and maliciously to effect the death of any human being other than him who is killed . . . .18 U.S.C. § 1111(a). These types of first-degree murder are not charged in this case.

4

While first-degree premediated murder requires proof of premeditation, *United States v. Jackson,* 32 F.4th 278, 285 (4th Cir. 2022), premeditation, as defined by the Fourth Circuit is indistinguishable from malice aforethought, which is a common element of both first- and second-degree murder. Both premeditation and malice aforethought are satisfied by proof that the defendant acted deliberately. *See United States v. Sinclair*, No. 08-4218, 2008 WL 4997574251, at *3 (4th Cir. Nov. 24, 2008) (emphasizing that, in proving premeditation, "it is the fact of deliberation, of second thought that is important"); *United States v. Turner*, No. 97-4104, 1998 WL 67797, at *2 (4th Cir. Feb. 20, 1998) (affirming jury instructions defining premeditation as "[a]n act . . . done upon deliberation"). While premeditation considers that amount of time after forming an intent to kill, it does not require any particular amount of time beyond that necessary for the killer to have been fully conscious of the intent and to have considered the killing. *Sinclair*, 2008 WL 4997574251, at *3 (citing *Faust v. North Carolina*, 307 F.2d 869, 871 (4th Cir. 1962)). By failing to meaningfully distinguish premeditation from malice aforethought, the federal murder statute provides no standard to police, prosecutors, or juries by which to distinguish first-degree premeditated murder from second-degree deliberate murder, thereby encouraging arbitrary and discriminatory enforcement. Mr. Silva may well be facing charges that have been capriciously, and thus unconstitutionally, filed against him.

As such, Mr. Silva respectfully asks this Court to dismiss the indictment in his case.

Respectfully submitted,

JUVAL O. SCOTT
Federal Public Defender
for the Western District of Virginia

s/*Juval O. Scott*
Juval O. Scott
Office of the Federal Public Defender
for the Western District of Virginia
210 First Street SW, Suite 400
Roanoke, VA 24011
(540) 777-0880
Indiana Bar No. 23741-49

s/ *Arin Melissa Brenner*
Arin Melissa Brenner
Office of the Federal Public Defender
for the Western District of Virginia
210 First Street SW, Suite 400
Roanoke, VA 24011
(540) 777-0884
New York Bar No. 4990974

**Counsel for Samuel Silva**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true copy of the foregoing document was electronically filed via CM/ECF and will be served electronically to counsel of record on this 28th day of July, 2022.

Zachary Lee
Criminal Chief
United States Attorney's Office
310 Cummings Street, Suite A
Abingdon, VA 24210
Zachary.lee@usdoj.gov

Daniel J. Murphy
Assistant United States Attorney
United States Attorney's Office
180 West Main Street, Suite B19
Abingdon, Virginia 24210
daniel.murphy@usdoj.gov

<u>s/*Juval O. Scott*</u>