IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No. 2:20CR00017 |
| | ) | |
| | ) | |
| SAMUEL SILVA | ) | |

**GOVERNMENT RESPONSE TO DEFENDANT'S MOTION TO DISMISS
INDICTMENT FOR VAGUENESS AS APPLIED**

The United States, through undersigned counsel, responds in opposition to defendant Samuel Silva's Motion to Dismiss Indictment for Vagueness as Applied. ECF No. 180. Silva is charged with first-degree murder in violation of 18 U.S.C. § 1111(a). ECF No. 1. Silva has moved to dismiss the one-count Indictment on the basis that first-degree murder is unconstitutionally vague as applied to him (known as an "as-applied challenge"). ECF No. 180. Silva argues that "first-degree premediated murder and second-degree deliberate murder, as these crimes have been defined by the Fourth Circuit, are indistinguishable" and that this alleged confusion "impedes" his "preparation of an adequately tailored defense" to first-degree murder. *Id.* at 2.

Silva's as-applied challenge plainly fails. The indictment provides Silva with fair notice of the elements of first-degree murder so as to allow him to prepare a defense. Moreover, Silva does not provide any argument as to how the definition of first-degree is vague as applied to *his* case.

Although Silva's motion is styled as an as-applied challenge, Silva also appears to bring a facial challenge to the federal murder statute. Silva argues there is an overlap between first-degree and second-degree murder, which leads to "arbitrary and discriminatory enforcement." *Id.* at 1.

1

Specifically, he argues that first-degree murder requires "premeditation" and "malice aforethought," whereas second-degree murder requires only "malice aforethought," but that under Fourth Circuit law, there is no clear distinction between "premeditation" and "malice aforethought," rendering all of 18 U.S.C. § 1111 unconstitutionally vague. *Id.*

To the extent Silva's motion asserts a facial challenge, it fails, because, as explained below, Silva is barred by Fourth Circuit law from bringing a facial challenge if the first-degree murder statute is not vague *as applied to him*, which it is not. Moreover, even if he could bring a facial challenge, it fails because the definitions of premeditation (required for first-degree murder) and malice aforethought (required for both first-degree and second-degree murder) do not invite arbitrary and discriminatory enforcement.

**FACTUAL AND PROCEDURAL HISTORY**

Samuel Silva, age 47, was an inmate at United States Penitentiary Lee County ("USP-Lee") on September 14, 2018, serving a 564-month term of imprisonment following his conviction for multiple offenses in 2014 involving a brutal attempted carjacking of a 66 year-old woman whom Silva threatened with a gun and assaulted, and a completed carjacking of a 53 year-old man whom Silva shot. Additionally, while incarcerated on those charges, Silva attempted to have witnesses against him killed in order to prevent their testimony against him.[1] Prior to his incarceration on the offenses that led him to USP-Lee, Silva had a long history of convictions for violent offenses, beginning at age nineteen, including attempted murder, aggravated assault, and various weapons offenses. Silva was also a long-time member of a particularly violent New Mexico State Prison Gang, the Syndicato de Nuevo Mexico ("SNM").[2]

---

[1] An intervening arrest of a fellow gang member prevented the fellow gang member from carrying out Silva's request for the murder of the witnesses against him.
[2] *Syndicato de Nuevo Mexico targets cops, prosecutors and judges*, Albuquerque Journal, Sept. 9, 2019: https://www.abqjournal.com/1369435/syndicato-de-nuevo-mexico-targets-cops-

2

On September 14, 2018, USP-Lee was on a facility-wide lockdown such that all inmates were confined to their cells. On that date, Silva was locked in his cell with his cellmate Abraham Aldana, a member of the Sureños gang, who was serving a 324-month sentence for racketeering offenses. At approximately 4:06 p.m., Bureau of Prisons correctional officers were conducting a regular and routine count of inmates when they approached Silva's and Aldana's cell. As they approached, correctional officers viewed Aldana lying face down in a pool of blood on the floor. Silva was found standing next to the door holding his shower shoes and his BOP identification card. Aldana was deceased. Silva indicated no duress.

Medical examiners determined that Aldana suffered blunt force trauma to his head and face, including multiple fractured teeth and bruising to his temporal scalp and forehead. Aldana also suffered approximately 136 stab wounds, 15 incision wounds, and was discovered with a metal shank lodged in his head. Aldana was found gagged with socks. Silva, on the other hand, suffered no injuries other than a complaint of pain in his knee. Evidence gathered during the investigation of the killing of Aldana demonstrated that the killing took place, at least in part, because permission had been granted by the Mexican Mafia and his own gang for Aldana to be killed due to some violation of the Sureños rules or directives.

Silva was indicted on one count of first-degree murder on November 12, 2020, in violation of 18 U.S.C. 1111, for the murder of Aldana. ECF No. 1 On July 28, 2022, Silva filed the instant Motion to Dismiss the Indictment, arguing that § 1111 is unconstitutionally vague as applied to him. ECF No. 180.

---

prosecutors-and-judges.html; *Hell House – The Syndicato Nuevo Mexico*, Gangland Season 6 Episode 13, April 4, 2010, https://www.dailymotion.com/video/x3h8xr0.

**ARGUMENT**

The vagueness doctrine is an outgrowth of the Due Process Clause of the Fifth Amendment. *United States v. Williams*, 553 U.S. 285, 304 (2008). The void-for-vagueness doctrine "requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Kolender v. Lawson*, 461 U.S. 352, 357 (1983).

There are two types of void-for-vagueness challenges: facial and as-applied. Facial void-for-vagueness challenges are warranted when a statute "fails to establish standards for the police and public that are sufficient to guard against the arbitrary deprivation of liberty interests." *City of Chicago v. Morales*, 527 U.S. 41, 51 (1999). A defendant cannot bring a facial vagueness challenge to a statute, however, unless the statute is actually vague *as applied* to him. It has long been the law that a defendant who "engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others." *Holder v. Humanitarian Law Project*, 561 U.S. 1, 18-19 (2010). In other words, a "defendant whose conduct is clearly prohibited by a statute cannot be the one to make a facial vagueness challenge." *United States v. Hasson*, 26 F.4th 610, 620 (4th Cir. 2022). As the Fourth Circuit held in 2022, the Supreme Court's decisions in *Johnson* and *Dimaya* did not change this fundamental principle. *Id.* at 619 ("*Johnson* and *Dimaya's* rejection of the vague-in-all-its-applications standard does not undermine the rule prohibiting defendants whose conduct a statute clearly proscribes from brining vagueness challenges"); *see also United States v. Wagoner*, No. 4:20-cr-00018, 2022 WL 1153472, at 3-4 (W.D.Va. Apr. 19, 2022) (Dillon, J.).

Thus, the first question is whether Silva has sufficiently brought an as-applied challenge. He has not.

4

### A. Silva's As-Applied Challenge Fails.

Silva's motion makes no clear argument as to how the first-degree murder statute is vague as applied to him.

Under federal law, murder is defined as "the unlawful killing of a human being with malice aforethought." 18 U.S.C. § 1111(a). To prove malice aforethought within the meaning of § 1111(a), the government need not show a specific intent to kill or injure, as malice aforethought "may be established by evidence of conduct which is reckless and wanton and a gross deviation from a reasonable standard of care, of such a nature that a jury is warranted in inferring that the defendant was aware of a serious risk of death or serious bodily harm." *United States v. Medina-Garcia*, 226 F. App'x 281, 286 (4th Cir. 2007) (quoting *United States v. Williams*, 342 F.3d 350, 356 (4th Cir.2003)) (internal quotation marks omitted).

Murder is then broken down into first and second degree. First degree murder is defined as:

> [e]very murder perpetrated by poison, lying in wait, or <u>any other kind of willful, deliberate, malicious, and premeditated killing</u>; or committed in the perpetration of, or attempt to perpetrate, any arson, escape, murder, kidnapping, treason, espionage, sabotage, aggravated sexual abuse or sexual abuse, child abuse, burglary, or robbery; or perpetrated as part of a pattern or practice of assault or torture against a child or children; or perpetrated from a premeditated design unlawfully and maliciously to effect the death of any human being other than him who is killed…".

18 U.S.C. § 1111(a) (the underlined text notes the specific theory of murder charged in this case). Second degree murder is defined as "any other" murder. *Id.*

The Fourth Circuit recently held that first-degree murder under 18 U.S.C. § 1111(a) is a divisible statute. *United States v. Jackson*, 32 F.4th 278, 285 (4th Cir. 2022) (poison and lying in wait are divisible from the other types of first-degree murder). As relevant here, Silva was charged with committing first-degree murder by committing a <u>kind of willful, deliberate, malicious, and</u>

5

premeditated killing. Thus, to convict Silva at trial, the government must prove both that he killed a human being with malice aforethought (required for all murder), *and* that he committed a kind of willful, deliberate, malicious, ***and*** premeditated killing (all four additional elements required for first-degree murder as charged).

Silva argues that the definition of malice aforethought is indistinguishable from that of premeditation, creating a vagueness in the statute between first-degree and second-degree murder as applied to him. His argument fails for two reasons: (1) he is wrong as a matter of law and there is thus no need for fact-finding to resolve his as-applied challenge; and (2) if the Court disagrees and finds there are disputed issues of fact that need to resolved before adjudicating the as-applied challenge, then Silva's motion is premature and must be decided only after trial.

**1. Silva's As-Applied Challenge Fails As A Matter Of Law.**

Silva argues that the Fourth Circuit has held that "[b]oth premeditation and malice aforethought are satisfied by proof that the defendant acted deliberately." Motion at 5. As explained below, that is not accurate. Premeditation requires proof that the defendant had time to reflect before acting with intent to kill. *Faust v. North Carolina*, 307 F.2d 869, 871 (4th Cir. 1962). Malice aforethought can be established by proving reckless conduct or wanton disregard for a standard of care without proving intent to kill or injure. *United States v. Williams,* 342 F.3d 350, 356-57 (4th Cir. 2003).

But regardless, Silva does not explain how the fact that evidence of "deliberation" could be used to prove *both* the elements of malice aforethought and premeditation makes the murder statute vague as applied to *him*. Silva has been charged with first-degree murder (not second-degree). Therefore, the government must prove both premeditation and malice aforethought. If caselaw allows for evidence of deliberation to be used to help prove both premeditation and malice aforethought, then Silva is on notice that such evidence would be relevant to both elements.

6

Said another way, second-degree murder is a lesser included offense of first-degree murder. Malice aforethought is an element of both crimes. Premeditation is an element only of first-degree murder. Just because evidence of deliberation can be used to prove more than one element of first-degree murder (which also requires proof of time to reflect, willfulness, and maliciousness) does not make the first-degree statute vague as applied to him. To the contrary, Silva, by his own admission, is on notice that if the government offers evidence of deliberation, the jury may consider Silva's deliberate acts when deciding whether the government has met its burden of proof on multiple elements of first-degree murder. This should be the end of Silva's motion.

**2. Silva's As-Applied Challenge Fails Because If There Are Disputed Facts, They Need To Be Resolved At Trial Before, Making His Motion Premature.**

The Court should reject Silva's as-applied challenge as a matter of law because Silva has not articulated how the statute is vague *as applied to him*. But to the extent the Court finds that Silva's as-applied challenge requires any fact-finding, the motion should be dismissed as premature. *See Wagoner*, 2022 WL 1153472, at *5-6. Unless an as-applied challenge fails as a matter of law, an as-applied challenge must generally be decided after trial so that the Court may assess whether the defendant's actual conduct is "clearly prohibited" by the language of the statute. *Id.* If the defendant's actual conduct is prohibited, it does not matter whether the statute may have been vague as to some other defendant's conduct. *Id.*

In this case, the government's evidence will show that Silva killed Aldana in a deliberate, malicious, ***and*** premeditated manner after learning that Aldana had been "green lit" by the Mexican Mafia and the Sureños gang due to Aldana's violations of gang rules or directives. The government's evidence, including evidence that Silva gagged Aldana with socks so as to prevent Aldana from alerting prison staff of the attack, will prove that Silva executed a calculated, deliberate, planned attack on Aldana. To the extent Silva is permitted to challenge the definitions of "malice aforethought" and "premeditation" as applied to the facts of his case, he must do so

after trial so that the Court may assess whether Silva's specific conduct was clearly prohibited by the statute *as applied to him*. *Id.*

**B. Silva's Facial Challenge Fails.**

Because Silva cannot show that the murder statute is vague as applied to him, he cannot bring a facial challenge. *Hasson*, 26 F.4th at 620. But even if he could, any facial challenge would fail.

Malice aforethought was defined by the Fourth Circuit in *Williams*. The Court held malice aforethought "may be established by evidence of conduct which is reckless and wanton and a gross deviation from a reasonable standard of care, of such a nature that a jury is warranted in inferring that defendant was aware of a serious risk of death or serious bodily injury." *United States v. Williams,* 342 F.3d 350, 356-57 (4th Cir. 2003) (internal quotation and citation omitted). Malice aforethought does not require proof of a specific intent to kill or injure. *Id.*; *see also United States v. Medina-Garcia*, 226 Fed. Appx. 281, 2007 WL 1451998 (4th Cir. 2007) (cited by Silva, Motion at 4).

Premeditation was defined by the Fourth Circuit in *Faust*. Premeditation means having acted after a sufficient time to reflect. The Court held that no particular period of time for reflection is essential to a finding of premeditation. *Faust v. North Carolina*, 307 F.2d 869, 871 (4th Cir. 1962); *see also United States v. Rogers*, 457 Fed. App'x 268 (4th Cir. 2011); *United States v. Sinclair*, 301 Fed. App'x 251 (4th Cir. 2008) (cited by Silva, Motion at 5). While premeditation must involve "a prior design to commit murder," "no particular period of time is necessary for such deliberation and premeditation[,] ... [just that] [t]here must be some appreciable time for reflection and consideration before execution of the act." *United States v. Burden*, 964 F.3d 339, 350 (5th Cir. 2020).

8

In sum, premeditation requires *more* than malice aforethought. Malice aforethought may be proven by evidence that a defendant acted recklessly and with wanton disregard for the standard of care, resulting in someone's death, without specific intent to kill or injure. Premeditation, required for first-degree murder, however, requires a defendant to have had time to reflect and decide to act with the intent to kill. *Id*.

Silva tries to conflate malice aforethought with premeditation by citing a few cases where the court used the word "deliberate" in helping define one or the other terms. *See* Motion at 4-6. For example, in *Vega-Penarete*, a second-degree murder trial, the jury asked the court to further define "wanton" as part of the definition of "malice aforethought." The court quoted the definition from Black's Dictionary, stating that wanton can mean "reckless; heedless; malicious; extreme reckless disregard; perseverance exhibited by deliberate and uncalled for conduct; an unjustifiable course of action." 974 F.2d at *7. In other words, a defendant's deliberate and uncalled for conduct can be considered by the jury in deciding whether s/he acted with malice aforethought, but malice aforethought may also be established through wanton, reckless behavior. Similarly, in *Silvia,* the Fourth Circuit used the word "deliberately" to distinguish the defendants' conduct from mere negligence proscribed by 18 U.S.C. § 1112(a). In doing so, the Fourth Circuit determined the deliberate acts of the defendant placing a baggie against the victim's face did not show that the defendant acted negligently warranting a jury instruction on involuntary manslaughter. *United States v. Silvia*, 881 F.2d 1070 (4th Cir. 1989). Finally, while *Medina* addressed the question of whether it was appropriate for the district court to instruct the jury on second-degree murder and voluntary manslaughter, the Fourth Circuit underscored the fact that in order to convict the defendant of first-degree murder, "the jury needed to find an additional element—that [the defendant] acted with willfulness, deliberateness, maliciousness *and* premeditation." United States v. Medina-Garcia, 226 F. App'x 281, 285–86 (4th Cir. 2007) (emphasis added).

First-degree murder requires proof of premeditation, in addition to deliberateness. The government must prove the defendant had time to reflect and acted with intent after reflection. Therefore, a conviction for first-degree murder requires more than a conviction for second-degree murder and the statute clearly puts a defendant on notice of the heightened elements of the crime of first-degree murder and allows for non-arbitrary enforcement of the statute. It is thus not unconstitutionally vague.

WHEREFORE, the government asks this Court to deny Silva's motion to dismiss.

Respectfully submitted,

CHRISTOPHER R. KAVANAUGH
UNITED STATES ATTORNEY

/s/ Daniel J. Murphy
NC Bar # 35467
Assistant United States Attorney
Western District of Virginia
180 West Main Street
Abingdon, Virginia 24210
(276) 628-4161
(276) 628-7399 (Fax)
USAVAW.ECFAbingdon@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on Friday, September 02, 2022, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel for defendant.

/s/ Daniel J. Murphy
Assistant United States Attorney