UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No. 2:20CR00017-MFU |
| | ) | |
| | ) | |
| SAMUEL SILVA | ) | |

**REPLY TO UNITED STATES' RESPONSE TO DISMISS INDICTMENT FOR VAGUENESS**

Samuel Silva moved to dismiss the one-count indictment against him, alleging he committed first degree murder under 18 U.S.C. § 1111. As the statute upon which the charge is based is fundamentally flawed and vague-as-applied, the indictment must be dismissed.

The government claims in its response that Mr. Silva failed to argue that the statute is vague as applied specifically to his case. But the statute is vague as applied to *every* case, including his. As the Seventh Circuit has pointed out, "the abstract and archaic language [of § 1111]. . . must be confusing to many laypersons, including jurors." *United States v. Delaney*, 717 F.3d 553, 555 (7th Cir. 2013). This is undoubtedly because the words in the statute have changed meaning, or mean nothing at all:

> The word "aforethought" has disappeared from ordinary language, however, and "malice" has in ordinary language today a narrower meaning than intent to kill, which is the meaning it bears in "malice aforethought." That term (originally "malice prepensed," "prepensed" meaning the same thing as "aforethought"—namely thought of in advance of the crime) is of medieval origin. . . . The term "malice aforethought" is sometimes written "malice of forethought." This

> barbarism has appeared in jury instructions, as noted in *Alexander v. Foltz,* 838 F.2d 140, 144 (6th Cir.1988). No surprise, really; for the word "malice" has no consistent meaning in law, as remarked in *Jendusa–Nicolai v. Larsen,* 677 F.3d 320, 323–24 (7th Cir.2012), and *Matheny v. United States,* 469 F.3d 1093, 1097 (7th Cir.2006); cf. Wayne R. LaFave, *Substantive Criminal Law* §§ 14.1(a), 21.3(e) (2d ed.2003).

*Id* at 555-56 (citations omitted).

Circuit courts struggle to interpret § 1111 as it pertains to the different degrees and methods of murder it encompasses. What is certain is that there is disagreement about what the government must prove when it attempts to persuade jurors beyond a reasonable doubt there has been "malice aforethought" at all, let alone how it differs in any meaningful way from premeditation.

Malice aforethought requires "conduct which is 'reckless and wanton and a gross deviation from a reasonable standard of care, of such a nature that a jury is warranted in inferring that a defendant was aware of a serious risk of death or serious bodily harm.'" *United States v. Fleming*, 739 F.2d 945, 947-48 (4th Cir. 1984). Aforethought requires some amount of "forethought," though potentially less than "premeditation." *See United States v. Delaney*, 717 F.3d 553, 556 (7th Cir. 2013). Premeditation requires "planning or deliberation." *See United States v. Whiteside*, 207 F.Supp.3d 311, 320 (S.D.N.Y 2016) (citing *United States v. Begay*, 673 F.3d 1038, 1042 – 34 (9th Cir. 2011)). Premeditation does not require any specific amount of time—merely that the actor was conscious of and considered the killing. *See id.*

Unlike charges of first-degree murder for the killing of a person during the commission of another offense, the section charged is indistinguishable from second-degree murder. Both require malice and a conscious awareness of the intent prior to

the murder. Courts have struggled to interpret this distinction, and many have done so without providing any guidance to clarify this archaic statute. *See Delaney*, 717 F.3d at 559 ("I have to admit that this opinion had me in suspense until the last minute. I'm not sure it provides a clear trail for future prosecutions but I sign on because the result is in keeping with the evidence.") (concurring opinion).

Some circuits have held that one of the elements of "malice aforethought" include "depraved-heart," a phrase that is so opaque as to be meaningless. *United States v. Pearson*, 159 F.3d 480, 486 (10th Cir. 1998). The Ninth Circuit refers to "depraved heart" as one of the *mens reas* of "malice aforethought" and defines it as "reckless indifference," which is fundamentally at odds with premeditated first-degree murder. *Begay*, 33 F.4th at 1091.

The section of first-degree murder as charged has no meaningful difference from second-degree murder. Both require a conscious awareness of the act prior to the crime. Both require malice. But **neither** is understandable or clear to a layperson. As the government has stated, "The void-for-vagueness doctrine 'requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited[].'" *Kolender v. Lawson*, 461 U.S. 352, 357 (1983). Under any test, "malice aforethought" or acting with a "depraved heart" as differentiated from "premeditation" does not put any layperson on notice as to what is unlawful. The Supreme Court has stated that in contrast to malice aforethought, premeditation requires that "an appreciable time elapse between formation of the design and the fatal act within which there is, in fact, deliberation," *Fisher v. United*

*States*, 328 U.S. 463, 469 n. 3 (1946), but even "[t]he word appreciable is vague." *Delaney*, 717 F.3d at 556.

Because § 1111 makes no meaningful difference between the same conduct and, ultimately, conveys no understandable meaning at all, the statute is unconstitutionally vague and the indictment must be dismissed.

                                            Respectfully submitted,

                                            JUVAL O. SCOTT
                                            Federal Public Defender
                                            for the Western District of Virginia

                                            s/*Juval O. Scott*
                                            Juval O. Scott
                                            Office of the Federal Public Defender
                                            for the Western District of Virginia
                                            210 First Street SW, Suite 400
                                            Roanoke, VA 24011
                                            (540) 777-0880
                                            Indiana Bar No. 23741-49

                                            s/ *Arin Melissa Brenner*
                                            Arin Melissa Brenner
                                            Office of the Federal Public Defender
                                            for the Western District of Virginia
                                            210 First Street SW, Suite 400
                                            Roanoke, VA 24011
                                            (540) 777-0884
                                            New York Bar No. 4990974

                                            ***Counsel for Samuel Silva***

## **CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing document was electronically filed via CM/ECF and will be served electronically to counsel of record on this 16th day of September, 2022.

Zachary Lee
Criminal Chief
United States Attorney's Office
310 Cummings Street, Suite A
Abingdon, VA 24210
Zachary.lee@usdoj.gov

Daniel J. Murphy
Assistant United States Attorney
United States Attorney's Office
180 West Main Street, Suite B19
Abingdon, Virginia 24210
daniel.murphy@usdoj.gov

                                              s/*Juval O. Scott*