# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 2:20CR00017-MFU |
| ) | |
| SAMUEL SILVA ) | |

## MOTION TO COMPEL DISCOVERY

The Court asked the parties to determine what, if any, discovery requests could be agreed upon. In compliance with the Court's order, the parties conferred, and on July 27, 2022, defense counsel sent the government a letter withdrawing and modifying numerous requests. The government responded on August 26, 2022 and agreed to produce certain documents by September 9, 2022. The government tendered additional discovery on September 8, 2022.

The parties resolved several of the previously tendered discovery requests, and much of that information has been provided to the defense. Despite the parties' agreement on several of the discovery requests, we ask the Court to resolve the discovery requests below.

| No. | Request | Issue |
|-----|---------|-------|
| **6** | All information obtained at any time by the Designation and Sentencing Computation Center (DSCC) or other BOP officials including SIS memorandum of interviews or debriefs that references Samuel Silva, and all pipeline information related to his transfers to a BOP facility before and after September 14, 2018, that is, any information sent to a receiving facility or any information given to transportation officers regarding classification or security issues for Samuel Silva. | The government agreed to provide this information to the defense. The defense did not receive a completely updated version of Mr. Silva's Central File. For example, Mr. Silva's Special Housing Unit and mental health records from 2019 forward have not been received. We request that the Central File be provided in its entirety. |
| **10** | All housing or transport records for any government witness for the period beginning September 14, 2018 to the present. | The government declined to provide the requested material, stating the defense failed to make a prima facie showing of materiality. This is not the appropriate standard. Even if it were, the material requested by the defense is directly related to the offense and the government's investigation, which is comprised of jailhouse informants who have been moved throughout the BOP. The request should be disclosed to the defense pursuant to *Brady v Maryland*. |

| 14 | All BOP forms BP-A657.013, inmate telephone call monitoring reports, or inmate monitoring tape access logs for any government witness, for Samuel Silva and Abraham Aldana, or any target of the investigation into the death of BOP inmate Abraham Aldana. | The government provided some of the requested information, but none for potential government witnesses or other targets of the investigation, such as other gang members. It generally objected to the request, stating the defense failed to make a prima facie showing of materiality. This is not the appropriate standard. Even if it were, the government has stated, on multiple occasions, that Mr. Silva caused Mr. Aldana's death because of gang activity. See Doc. 188. As the request relates to Mr. Silva, the government must provide it per Rule 16(a)(B). As the request pertains to Mr. Aldana and government witnesses, the request should be disclosed to the defense pursuant to *Brady v. Maryland*. |
|---|---|---|
| 21 | Any documents establishing physical mail or phone contact between any investigator participating in the investigation of the death of BOP inmate Abraham Aldana and any government witness or his attorney. | The government objected to this request, stating that the defense failed to make a prima facie showing of materiality. This is not the appropriate standard. Even if it were, this request is directly related to the charged offense and should be disclosed to the defense pursuant to *Brady v. Maryland* and *Jencks v. United States*. |
| 24 | All documents reflecting all assignments of prisoners designated members of strategic threat groups, or disruptive groups, or management interest groups at USP Lee from January 1, 2017 until December 31, 2018 | The government provided a list of incarcerated persons and related strategic threat groups from A-Unit only. The government's witnesses allege that meetings happened on the yard with individuals from other units in USP Lee. This request is directly related to the charged offense and should be disclosed to the defense pursuant to *Brady v. Maryland*. |

| 32 | Copies of all Board of Inquiry Reports, Regional Inquiry Team Reports, Local Inquiry Team Reports, and local responses and corrective action plans or recommendations for all incidents of violence resulting in injury to inmates or staff at USP Lee from January 1, 2018 through September 14, 2018.. Also, all documents, records, working papers, or personal records created by members of the boards or teams, to include electronic material from January 1, 2018 through September 14, 2018. | The defense revised this request by limiting the requested time frame. The government objected to this request, stating that the defense failed to make a prima facie showing of materiality. This is not the appropriate standard. Even if it were, this request is directly related to the charged offense and should be disclosed to the defense pursuant to *Brady v. Maryland*. |
|---|---|---|
| 43 | All Posted Picture File, STG (Security Threat Group) file, AIMS information, SIS card file, or any intelligence information maintained in the SIS Office for all inmates at USP Lee on September 14, 2018. | The government objected to this request, stating that the defense failed to make a prima facie showing of materiality. This is not the appropriate standard. Even if it were, the government alleges that Mr. Silva's charges are gang related. The request should be disclosed to the defense pursuant to *Brady v. Maryland*. |
| 50 | Copies of all Daily Lieutenant's Operational Logs from September 1, 2018 to September 30, 2018. | The defense revised this request by limiting the request to a 30-day time frame. The government maintains its objection, stating that the defense failed to make a prima facie showing of materiality. This is not the appropriate standard. Even if it were, again, it is the government's theory that the charged offense is gang related. The requested reports typically show relevant information. This request is directly related to the charged offense and should be disclosed to the defense pursuant to *Brady v. Maryland*. |

| 51 | Copies of Form 583, Report of Incident, prepared by USP Lee from January 1, 2018. | The defense revised this request by limiting it to the year of the charged offense. The government objected to this request, stating that the defense failed to make a prima facie showing of materiality. This is not the appropriate standard. Even if it were, the government has alleged that this is a gang-related offense. The report likely contains information regarding gang activity at USP Lee. This request is directly related to the charged offense and should be disclosed to the defense pursuant to *Brady v. Maryland*. |
|---|---|---|
| 52 | Copies of all monthly Lieutenants' meeting minutes from March 1, 2018 to October 31, 2018. | The defense revised this request by limiting it to a six-month period that includes the offense date. The government objected to this request, stating that the defense failed to make a prima facie showing of materiality. This is not the appropriate standard. Even if it were, the government has alleged that this is a gang-related offense. The report likely contains information regarding gang activity at USP Lee. This request is directly related to the charged offense and should be disclosed to the defense pursuant to *Brady v. Maryland*. |
| 53 | Copy of all warden/executive staff meetings and department head meetings from March 1, 2018 to October 31, 2018. | The defense revised this request by limiting it to a six-month period that includes the offense date. The government objected to this request, stating that the defense failed to make a prima facie showing of materiality. This is not the appropriate standard. Even if it were, the government has alleged that this is a gang-related offense. The report likely contains information regarding gang activity at USP Lee. This request is directly related to the charged offense and should be disclosed to the defense pursuant to *Brady v. Maryland*. |

| 54 | Copies of the Institutional Mass Shakedowns/Searches from January 1, 2018 to September 30, 2018. | The defense revised this request by limiting the time frame. The government objected to this request, stating that the defense failed to make a prima facie showing of materiality. This is not the appropriate standard. Even if it were, the government has alleged that this is a gang-related offense. The report likely contains information regarding gang activity at USP Lee. This request is directly related to the charged offense and should be disclosed to the defense pursuant to *Brady v. Maryland*. |
|---|---|---|
| 55 | Records regarding contraband items found in USP Lee inmates' possession and/or their living or work areas for January 1, 2018 through September 14, 2018, including but not limited to housing unit shakedown logs. | The defense revised this request by limiting the time frame. The government objected to this request, stating that the defense failed to make a prima facie showing of materiality. This is not the appropriate standard. Even if it were, the government has alleged that this is a gang-related offense. The report likely contains information regarding gang activity at USP Lee. This request is directly related to the charged offense and should be disclosed to the defense pursuant to *Brady v. Maryland*. |
| 62 | A copy of the most recently conducted Prison Social Climate Survey report regarding USP Lee from 2018 or before. | The defense revised this request by limiting it to the year of the charged offense. The government objected to this request, stating that the defense failed to make a prima facie showing of materiality. This is not the appropriate standard. Even if it were, the government has alleged that this is a gang-related offense. The report likely contains information regarding gang activity at USP Lee. This request is directly related to the charged offense and should be disclosed to the defense pursuant to *Brady v. Maryland*. |

| 68 | All institutional prepared Report of Incident Form 583's for all inmate-on-inmate assaults at USP Lee, including but not limited to assaults with weapons from August 1, 2017 to September 30, 2018. | The defense revised this request by limiting the time frame. The government objected to this request, stating that the defense failed to make a prima facie showing of materiality. This is not the appropriate standard. Even if it were, the government has alleged that this is a gang-related offense. The report likely contains information regarding gang activity at USP Lee. This request is directly related to the charged offense and should be disclosed to the defense pursuant to *Brady v. Maryland*. |
|---|---|---|
| 69 | Chronological Disciplinary Data (CDA) for guilty findings for the following prohibited acts, for USP Lee for the following years; FY 2017 and 2018.<br>a. Code 100 and Code 100A, Killing<br>b. Code 101 and Code 101A, Assaulting any person with serious injury, for inmate on inmate and inmate on staff.<br>c. Code 104 and Code 104A, Possession of weapon or sharpened instrument.<br>d. Code 224 and Code 224A, Assault with less serious injuries for inmate on inmate and inmate on staff.<br>Code 201 Fighting with another person " | The defense revised this request by limiting the time frame to the years Mr. Silva was in custody at USP Lee. The government objected to this request, stating that the defense failed to make a prima facie showing of materiality. This is not the appropriate standard. Even if it were, the government has alleged that this is a gang-related offense. The report likely contains information regarding gang activity at USP Lee. This request is directly related to the charged offense and should be disclosed to the defense pursuant to *Brady v. Maryland*. |
| 78 | Make available for inspection USP Lee's local emergency plan for staff response to institutional emergencies. | The defense revised this request and only seeks to review the plan, eliminating the government's concern that the safety of incarcerated persons and institutions within the BOP. |
| 84 | A population roster for every Unit at USP Lee on September 14, 2018, including documentation of empty cells | The government's witnesses allege that meetings happened on the yard with individuals from other units in USP Lee. This request is directly related to the charged offense and should be disclosed to the defense pursuant to *Brady v. Maryland*. |

| 85 | A copy of all notices posted either on the electronic bulletin board, sent through e-mail, or physically posted for inmate review for the years 2017 and 2018. | The government objected to this request, stating that the defense failed to make a prima facie showing of materiality. The defense believes one or more memos related to cell changes was provided to individuals incarcerated at USP Lee. This request is directly related to the charged offense and should be disclosed to the defense pursuant to *Brady v. Maryland*. |
|---|---|---|
| 93 | The Federal Bureau of Prisons State of the Bureau Report for the year 2018. | The defense revised this request by limiting it to the year of the charged offense. The government objected to this request, stating that the defense failed to make a prima facie showing of materiality. This is not the appropriate standard. Even if it were, the government has alleged that this is a gang-related offense. The report likely contains information regarding gang activity at USP Lee. This request is directly related to the charged offense and should be disclosed to the defense pursuant to *Brady v. Maryland*. |

The defense asks this Court to order the government to provide the requested discovery so that Mr. Silva can meet the government's evidence, adequately prepare witnesses, and prepare to impeach or rebut witness testimony. Further, the defense reserves the right to compel production of requests the government has stated it will provide, including inspection of documents in its custody.

Respectfully submitted,

JUVAL O. SCOTT
Federal Public Defender
for the Western District of Virginia

s/*Juval O. Scott*
Juval O. Scott
Office of the Federal Public Defender
for the Western District of Virginia
210 First Street SW, Suite 400
Roanoke, VA 24011
(540) 777-0880
Indiana Bar No. 23741-49

*s/ Arin Melissa Brenner*
Arin Melissa Brenner
Office of the Federal Public Defender
for the Western District of Virginia
210 First Street SW, Suite 400
Roanoke, VA 24011
(540) 777-0884
New York Bar No. 4990974

**Counsel for Samuel Silva**

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document was electronically filed via CM/ECF and will be served electronically to counsel of record on this 11th day of October, 2022.

Zachary Lee
Criminal Chief
United States Attorney's Office
310 Cummings Street, Suite A
Abingdon, VA 24210
Zachary.lee@usdoj.gov

Daniel J. Murphy
Assistant United States Attorney
United States Attorney's Office
180 West Main Street, Suite B19
Abingdon, Virginia 24210
daniel.murphy@usdoj.gov

                                                  s/*Juval O. Scott*