**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF VIRGINIA**
**BIG STONE GAP DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| v. | ) | **Case No: 2:20-cr-00017** |
| | ) | |
| **SAMUEL SILVA** | ) | **By: Michael F. Urbanski** |
| **Defendant.** | ) | **Chief United States District Judge** |

## MEMORANDUM OPINION

This matter is before the court on defendant's motion to dismiss the indictment for vagueness as applied. ECF No. 180. Defendant Samuel Silva ("Silva"), charged with first degree murder, seeks dismissal of the indictment, arguing that first and second degree murder are indistinguishable, rendering the federal murder statute unconstitutionally vague as applied to him. ECF No. 180. The parties have fully briefed the issue, see ECF Nos. 180, 188, 193, and the court dispenses with oral argument because the facts and legal contentions are adequately presented in the materials before the court and oral argument would not aid the decisional process. As the federal murder statute, 18 U.S.C. §1111, provides fair notice of the conduct it punishes, there is no basis for a facial challenge. As to Silva's claimed as applied challenge, the absence of any factual development renders his motion premature. Accordingly, Silva's vagueness challenge to the federal murder statute is **DENIED**.

## I.

Silva was charged with first-degree murder of his former cellmate Abraham Aldana ("Aldana") in a one count indictment on November 12, 2020. ECF No. 1. Silva was an inmate at the United States Penitentiary Lee County ("USP Lee") on September 14, 2018, serving a 564-month sentence, when the incident charged in the indictment allegedly occurred. ECF

No. 188 at 2. On September 14, 2018, USP Lee was on a lockdown and inmates, including Silva and Aldana, were confined to their cells. Id. at 3. At 4:06 p.m., USP Lee staff were conducting rounds and discovered Aldana face down in the cell in a pool of his own blood and Silva standing at the cell door with his shower shoes and BOP identification card in hand. Id.

Medical examiners later determined that Aldana died as a result of blunt force trauma to the head and suffered over one hundred stab wounds. Id. Aldana also had a metal shank in his head. Silva had no physical injuries or signs of duress when USP Lee staff discovered Aldana. Id.

## II.

The Fifth Amendment protects against violations of life, liberty, or property without due process of law. There is a prohibition against vagueness in criminal statutes when the statute is "so vague that that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement." Johnson v. United States, 576 U.S. 591, 595 (2015) (discussing Kolender v. Lawson, 461 U.S. 352, 357–358 (1983)).

A defendant may raise a vagueness challenge to a statute in two ways. A facial challenge questions that statute's legality in all applications, while an as applied challenge questions a statute's application to a defendant's specific conduct. Washington State Grange v. Washington State Republican Party, 552 U.S. 442, 449 (2008).

Although Silva purports to raise an as applied challenge, his reply brief suggests that his argument is essentially a facial one. In response to the government's argument that Silva failed to argue that the federal murder statute is vague as applied to the facts of his case, Silva's

2

reply brief asserts that "the statute is vague as applied to *every* case, including his." See Silva Reply Mem., ECF No. 193, at 1 (emphasis in original).

Established Fourth Circuit precedent "forecloses facial vagueness challenges by defendants whose conduct a statute clearly proscribes." United States v. Hosford, 843 F. 3d 161, 170 (4th Cir. 2016). More recently, in United States v. Hasson, 26 F. 4th 620 (4th Cir. 2022), the Fourth Circuit consistently stated:

> The Supreme Court and this Court have repeatedly held that we must consider whether a statute is vague as applied to the particular facts at issue, for a plaintiff who engages in some conduct that is clearly proscribed cannot complain of vagueness of the law as applied to the conduct of others.
>
> \*          \*          \*
>
> In criminal cases, then, if a law clearly prohibits a defendant's conduct, the defendant cannot challenge, and a court cannot examine, whether the law may be vague for other hypothetical defendants.

Id. at 616-17 (internal quotations and citations omitted).

This longstanding doctrine is not undermined by recent Supreme Court holdings concerning the vagueness of the residual clause definition of "violent felony" in the Armed Career Criminal Act and "crime of violence" in the Immigration and Nationality Act in Johnson v. United States, 576 U.S. 591 (2015), and Sessions v. Dimaya, 138 S. Ct. 1204 (2018), respectively. As the Fourth Circuit held in Hasson, "Johnson and Dimaya's rejection of the vague-in-all-its-applications standard does not undermine the rule prohibiting defendants whose conduct a statute clearly proscribes from bringing vagueness challenges." 26 F. 4th at 619.

### III.

The United States Code defines murder as follows:

> (a) Murder is the unlawful killing of a human being with malice aforethought. Every murder perpetrated by poison, lying in wait, or any other kind of willful, deliberate, malicious, and premeditated killing; or committed in the perpetration of, or attempt to perpetrate, any arson, escape, murder, kidnapping, treason, espionage, sabotage, aggravated sexual abuse or sexual abuse, child abuse, burglary, or robbery; or perpetrated as part of a pattern or practice of assault or torture against a child or children; or perpetrated from a premeditated design unlawfully and maliciously to effect the death of any human being other than him who is killed, is murder in the first degree.
>
> Any other murder is murder in the second degree.

18 U.S.C. § 1111(a).

Silva's vagueness challenge centers on ambiguity he perceives in the definitions of first and second degree murder in this statute. Federal murder is defined as "the unlawful killing of a human being with malice aforethought." 18 U.S.C. § 1111(a). Silva asserts that premeditation, required for finding first degree murder, is indistinguishable from malice aforethought, a common element of both first and second degree murder. Silva argues that because the statute does not distinguish between malice aforethought and premeditation, it provides no guidance for prosecuting first versus second degree murder, thereby encouraging arbitrary and discriminatory enforcement. Silva also argues that §1111 is impermissibly vague because "malice aforethought" is an archaic term unfamiliar to modern laypersons.

The government counters that Silva has been provided fair notice of the elements of first degree murder required for effective preparation of his defense and that Silva has not explained how the statute is vague as applied to him. To prove that Silva was guilty of first

degree murder, the government recognizes that it must prove that Silva killed another human being (1) with malice aforethought,  and (2) that the killing was willful, deliberate, malicious, and premeditated. The government argues that case law makes it clear that malice aforethought and premeditation are distinct concepts, negating any suggestion of facial vagueness. The government argues that Silva conflates malice aforethought with premeditation despite the clear precedent establishing that the two concepts are not coextensive. The government's position is borne out in the case law.

"Malice aforethought 'may be established by evidence of conduct which is reckless and wanton and a gross deviation from a reasonable standard of care, of such a nature that a jury is warranted in inferring that defendant was aware of a serious risk of death or serious bodily injury.'" United States v. Williams, 342 F.3d 350, 356-57 (4th Cir.2003) (internal quotation and citation omitted)). Malice aforethought thus does not specifically require showing an intent to kill or injure. Id. at 356. Premeditation, in contrast, requires that "the design to kill must have existed for some appreciable period of time before the commission of the homicidal act." Faust v. State of N.C., 307 F.2d 869, 871 (4th Cir. 1962). There is no specified set of time required for showing premeditation. Id. Because the case law describes malice aforethought and premeditation as distinct elements and Silva's alleged conduct is clearly proscribed by the statute, his facial vagueness challenge fails.

## IV.

To the extent that Silva intends instead to raise an as applied challenge, the problem at this stage is that there has been no factual development in this case. The government correctly notes that Silva has not articulated how the federal murder statute is vague as applied to the

facts of this case. Indeed, because no facts have yet been determined in this case, Silva's as applied challenge, both hollow and premature, must be denied at this time. Silva may reassert an as applied vagueness challenge after trial.

**V.**

For these reasons, Silva's motion to dismiss the indictment, ECF No. 180, must be **DENIED** at this time. An appropriate order will be entered.

Entered: December 7, 2022

Digitally signed by Michael F.
Urbanski        Chief U.S. District
Judge
Date: 2022.12.07 14:55:19 -05'00'

Michael F. Urbanski
Chief United States District Judge