# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### BIG STONE GAP DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) |
| v. | ) Case No. 2:20CR00017 |
| | ) |
| | ) |
| SAMUEL SILVA | ) |

**OBJECTIONS TO DEFENDANT'S PROPOSED JURY QUESTIONNAIRE QUESTIONS**

The United States, through undersigned counsel, hereby objects to certain questions contained in Defendant's Proposed Additions to Jury Questionnaire [Doc. 248], specifically objecting to questions "D", "E", and "N".

Voir dire is an important process within the conduct of a trial that allows the court to ensure that an impartial jury is selected and assists counsel for both the prosecution and defendant in exercising their peremptory challenges. *United States v. Lancaster*, 96 F.3d 734, 738 (4th Cir. 1996). "To enforce the Sixth Amendment's guarantee of an impartial jury, district courts must conduct 'adequate voir dire' to enable them 'to remove prospective jurors who will not be able impartially to follow the court's instructions and evaluate the evidence.'" *United States v. Caro*, 597 F.3d 608, 614 (4th Cir. 2010) (quoting *Rosales–Lopez v. United States*, 451 U.S. 182, 188, 101 S.Ct. 1629, 68 L.Ed.2d 22 (1981)). "The conduct of voir dire necessarily is committed to the sound discretion of the trial court 'because the 'determination of impartiality, in which demeanor plays such an important part, is particularly within the province of the trial judge.'"*.Id.* (quoting *Ristaino v. Ross*, 424 U.S. 589, 594–95, 96 S.Ct. 1017, 1020, 47 L.Ed.2d 258 (1976)). In *Ristaino*, the Supreme Court made clear that a criminal defendant is "not always entitle[d] ... to have questions posed during voir dire specifically directed to matters that conceivably might prejudice

veniremen against him.... [T]he ... obligation to the defendant to impanel an impartial jury generally can be satisfied by less than an inquiry into a specific prejudice feared by the defendant." *Ristaino*, 424 U.S. at 594–95, 96 S.Ct. at 1020–21 (citations and footnote omitted). Finally, "[a] district court abuses its discretion ... if the voir dire does not provide a reasonable assurance that prejudice would be discovered if present." *Lancaster*, 96 F.3d at 740 (internal quotation marks and citations omitted).

In this case, the defendant requests the following objectionable questions be proposed to the venire:

> *D. Do you believe it would be impossible to act in self-defense and stab another more than one hundred times?*
>
> *E. Do you believe that people serving long prison sentences have little reason to obey the law?*
>
> *N. Do you believe that it is never reasonable for one inmate in prison to act violently toward another inmate?*

The questions proposed in "D", "E", and "N", are referred to as "stakeout" or "pre-commitment" questions. These types of questions ask a juror to speculate or pre-commit to how that juror might decide matters that may or may not be introduced into evidence during the trial. Concerns about these types of questions generally are raised in capital cases, but the concerns are still present in the defendant's case. "Stakeout" questions raise concern "because they seek to cause prospective jurors to pledge themselves to a future course of action and 'indoctrinate [them] regarding potential issues before the evidence has been presented and [they] have been instructed on the law." *Richmond v. Polk*, 375 F.3d 309, 330 (4th Cir. 2004) (internal citations omitted). The proposed questions by the defendant are not meant to determine if the jurors can be fair and impartial, but instead seek to get jurors' responses to specific factual allegations in order to preview how they

may ultimately decide the issues in this case. This tact is improper and outside the scope of voir dire.

For these reasons, the government respectfully objects to the inclusion in the court's jury questionnaire of defendant's questions proposed in "D", "E", and "N".

Respectfully submitted,

CHRISTOPHER R. KAVANAUGH
UNITED STATES ATTORNEY

/s/ Zachary T. Lee
Zachary T. Lee, VSB 47087
Assistant United States Attorney
180 West Main Street
Abingdon, Virginia 24210
(276) 628-4161
(276) 628-7399 (Fax)
USAVAW.ECFAbingdon@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on Friday, August 18, 2023, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel for defendant.

/s/ Zachary T. Lee
Assistant United States Attorney