IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP DIVISION

United States of America

      v.                                  Case No. 2:20-CR-17-MFU

Samuel Silva

**Defendant's Motion for Discovery or Motion to Preclude**

Samuel Silva, through counsel, respectfully moves the court to compel the government to produce evidence pursuant to Federal Rule of Evidence 16(g), or to preclude the government from introducing evidence through John Feeney.

On the one hand, the case against Samuel Silva could be relatively straightforward. He and his cellmate, Mr. Aldana, were locked together in a small prison cell. Mr. Aldana died in the cell. Mr. Silva did not. Mr. Aldana's body had more than one hundred stab wounds. Mr. Silva was essentially unharmed, his body not showing any immediate signs of physical trauma. The cell showed that the two struggled before Aldana succumbed to his wounds. Blood splatter, pooling, and disheveled items clearly show the two fought and engaged in a struggle. This was not, so to speak, a whodunit. The case becomes complicated when larger motives are ascribed to the conduct. Was this a disagreement among cellmates that became violent? Or was this an act motivated by larger gang activities? The government has chosen the latter proposal, and has shaped much of this prosecution to fit that narrative.

Mr. Aldana and Mr. Silva were both members of separate gangs. Though a few incentivized witnesses have claimed that Mr. Silva admitted this was gang related, there is little independent evidence that corroborates that theory. Nonetheless, and largely because there was no gang retaliation against Mr. Silva or other members of SNM, the government believes that this act was motivated by gang violence. And if this incident was motivated by gang violence, Mr. Silva could not be said to have acted in self-defense or in any manner consistent with a degree of culpability less than first-degree murder. Gang-violence, thus, helps to prove an element of the government's chosen charge.

Certainly the fact that Mr. Silva and Mr. Aldana were in gangs is relevant evidence. The fact that other members of the gangs did not retaliate may also be relevant evidence and admissible under 104(b). The government has offered John Feeney as expert to testify about gangs within the Bureau of Prisons. Mr. Feeney has apparently served as an expert in prior cases, particularly dealing with the Sureños gang and the Mexican Mafia. It does not appear that he has any specialized knowledge, training, or experience about SNM.

Sociology, psychology, and related fields can offer important, helpful evidence within criminal trials. These fields can presumably offer insight into the actions of individuals who are members of gangs, particularly within a given environment, such as BOP facilities. Rather than offer a scientist who has studied gang members and employed the scientific method to test hypotheses, the government has offered a law enforcement officer. This officer has based his expected testimony on his

"education, training, and experience." *See* ECF. No 241. The government appears to have offered these to fulfill the requirement to provide the basis of the opinion, pursuant to Fed. R. Crim. P. 16(g). But the government has not offered the reasons for his opinions, or any evidence on which one could judge the purported basis. Indeed, one of the two publications that might help establish Mr. Feeney as an expert is private and not available to people outside the law enforcement community.

Ultimately, to be admissible, the government has to show that Mr. Feeney's conclusions have to be more than helpful to the trier of fact: they have to be "based on sufficient facts or data;" "the product of reliable principles and methods" that were "reliably applied" "to the facts of the case." The government has not presented sufficient discovery to allow the defense to meaningfully contest whether the government's proffered evidence can be admissible pursuant to 702. Indeed, apart from the filed notice, no discovery related to Mr. Feeney has been provided. As such, the court should preclude the government from introducing expert testimony through Mr. Feeney or require the government to comply with Rule 16(g) and provide sufficient discovery to allow the defense to contest the admissibility of the proffered testimony.

Respectfully submitted,

/s/ Benjamin Schiffelbein

210 First Street SW, Ste 400
Roanoke, VA 24011
Benjamin_Schiffelbein@fd.org
540 777 0880