IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP DIVISION

United States of America

v.  Case No. 2:20-CR-17

Samuel Silva

**Motion for *ex parte* hearing on status of counsel**

Mr. Silva has filed a motion to excuse his appointed counsel. Dkt. 254. Counsel is ready, willing, and able to represent Mr. Silva. Mr. Silva, like all people charged with a criminal offense, has a constitutional right to counsel of his choice. *See, e.g.*, *United States v. Gallop*, 838 F.2d 105, 107 (4th Cir. 1989). That right is not absolute, though, and courts generally require good cause to substitute counsel. *See, e.g.*, *United States v. Mullen*, 32 F.3d 891, 895 (4th Cir. 1994). Appellate courts reviewing decisions to grant or deny substitution of counsel examine three factors:

- The timeliness of the motion;
- The adequacy of the district court's inquiry into the defendant's complaint;
- And whether the attorney/client conflict is great enough to prevent an adequate defense.

Counsel has an ongoing duty of confidentiality to Mr. Silva, and counsel will strictly abide by the attorney/client privilege and that duty of confidentiality. Counsel does not believe that Mr. Silva has raised any issues that merit disclosure of information related to the representation pursuant to Va. R. Prof. Conduct 1.6. Indeed, Comment 10 to 1.6 indicates that "disclosure should be no greater that the lawyer reasonably believes is necessary to vindicate innocence, . . . should be made in a manner which limits access to the

information to the tribunal or other persons having a need to know it, and appropriate protective orders or other arrangements should be sought to the fullest extent practicable."

Mr. Silva's complaints with his counsel are likely to divulge information about the defense strategy related to Mr. Silva's trial. The government need not have access to that information prior to Mr. Silva's trial. As such, counsel requests the court schedule a hearing where the court's inquiry into the attorney client relationship is conducted *ex parte* in a sealed proceeding. Because the government otherwise has interests in the court's decision, counsel concedes that the government ought to be present for the portion of the hearing that does not directly deal with the attorney/client relationship.

Respectfully submitted,

/s/ Benjamin Schiffelbein
210 First Street SW, Ste 400
Roanoke, VA 24011
Benjamin_Schiffelbein@fd.org
540 777 0880